STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-1074


SUCCESSION OF JULIUS ARABIE


**********


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 48,712
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE


**********


**BILLY HOWARD EZELL**
**JUDGE**


**********


Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Phillip Michael Maneille**
**710 W. Prien Lake Road, #102**
**Lake Charles, LA 70601**
**(337) 474-4444**
**Counsel for Appellee:**
**Mark Stephen Arabie**

**Cecil R. Sanner**
**P. O. Box 280**
**Cameron, LA 70631**
**(337) 775-5713**
**Counsel for Appellant:**
**Doris Marie Arabie**

**Richard Dale Moreno**
**Robinson & Moreno**
**1800 Ryan Street, Suite 107**
**Lake Charles, LA 70601**
**(337) 433-9535**
**Counsel for Other:**
**Richard D. Moreno**

**Christopher Cameron McCall**
**Baggett, McCall & Burgess**
**3006 Country Club Road**
**Lake Charles, LA 70606-7820**
**(337) 478-8888**
**Counsel for Appellant:**
**Doris Marie Arabie**

**EZELL, JUDGE.**

Doris Arabie appeals the decision of the trial court ruling that benefits from an AFLAC cancer policy held by her late husband, Julius Arabie, were his separate property. For the following reasons, we affirm the decision of the trial court.

On March 1, 1986, during his first marriage, Mr. Arabie purchased an AFLAC cancer indemnity policy. After becoming a widower in 1995, Mr. Arabie was diagnosed with prostate cancer in 1996 and collected benefits under the policy. Mr. Arabie married Doris in 1999. At the time he married Doris, Mr. Arabie's cancer was in remission.

In September 2008, Mr. Arabie was again diagnosed with cancer. He again received benefits from the AFLAC policy totaling roughly $40,000.00, which were deposited into a joint checking account owned by Mr. and Mrs. Arabie. On May 12, 2009, Mr. Arabie died from the disease. Mr. Arabie died testate, and in accordance with his will, his son, Mark, was appointed executor of his succession. Also according to his will, any money in the joint account was to remain the property of Mrs. Arabie. At the time of his death, $65,776.81 was owed Mr. Arabie under the policy. In accordance with policy language, proceeds were paid to his estate in that amount. Mark Arabie filed a petition for declaratory judgment, seeking to establish that the 1986 AFLAC cancer policy and the $65,776.81 in benefits paid to his father's estate were his father's separate property. Mrs. Arabie reconvened, seeking to recover what she claimed was her half of the remaining benefits arising from the AFLAC policy, which she claimed was a community asset.

The trial court ruled that the policy and remaining benefits were Mr. Arabie's separate property, but that Mrs. Arabie was entitled to recover $1,480.00 from the estate, equal to one half of community proceeds used to pay the premiums for the

policy. From that decision, Mrs. Arabie appeals.

On appeal, Mrs. Arabie asserts as her sole assignment of error that the trial court erred in failing to designate all the AFLAC cancer policy benefits as community property of the spouses.

It is well-settled that "a trial court's findings regarding the nature of the property as community or separate is a factual determination subject to manifest error review." *Ross v. Ross*, 02-2984, p.18 (La. 10/21/03), 857 So.2d 384, 395. "All things, corporeal or incorporeal, that the law does not consider as immovables, are movables." La.Civ.Code art. 475. "Rights, obligations, and actions that apply to a movable thing are incorporeal movables." La.Civ.Code art. 473. The AFLAC cancer policy was thus incorporeal movable property belonging to Mr. Arabie. *See Messersmith v. Messersmith*, 229 La. 495, 86 So.2d 169 (1956).

Louisiana Civil Code Article 2338 (emphasis ours) states: "[t]he community property comprises: property acquired *during* the existence of the legal regime through the effort, skill, or industry of either spouse . . . ." "Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property." La.Civ.Code art. 2340. A spouse may rebut the presumption of community by showing he acquired the property "with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used . . . ." La. Civ.Code art. 2341. More succinctly, the classification of property as separate or community is fixed at the time of its acquisition. *Robinson v. Robinson*, 99-3097 (La. 1/17/01), 778 So.2d 1105.

2

The policy in question was purchased in March 1986, some thirteen years before Mr. Arabie married Doris. The policy named Mr. Arabie as its sole owner and insured. Benefits of the policy were payable to Mr. Arabie alone. The final, disputed payment was paid to Mr. Arabie's estate, as the policy provided. While community funds were used to pay some of the premiums, the amount paid by the community was far less than the amount paid by Mr. Arabie separately, and Mrs. Arabie was compensated by the trial court for the amount paid by the community. Because the policy was acquired long before the existence of community regime, it is obvious that the policy itself was the separate property of Mr. Arabie.

However, because the cancer that was the condition triggering AFLAC's obligations under the policy occurred during the marriage, Mrs. Arabie claims that the benefits arising from the policy themselves are community property. We disagree. Although the condition giving rise to the currently disputed benefits arose during the community, the right to recover those benefits arose from the insurance contract which was clearly the separate property of Mr. Arabie. Simply put, Mr. Arabie acquired his right to recover under that policy in 1986. Likewise, AFLAC's obligation to pay him in the event he developed cancer also arose in 1986, regardless of when the triggering event occurred. Because the benefits stem solely from his separate property, they also remain the separate property of Mr. Arabie, regardless of when the events triggering the benefits occurred.

Finally, Mrs. Arabie seeks to compare the benefits payable under the policy to those of a disability insurance policy. However, we agree with the trial court that the policy was not written nor intended to replace wages that would have been community property. The benefits of the policy were to compensate Mr. Arabie, and him alone, for damages arising from a specific disease causing injury to his body.

Nowhere in the listed policy benefits is there any indication that lost wages were recoverable under the policy. Further, Mr. Arabie's ability to work had no bearing whatsoever on his ability to recover benefits under the policy, as benefits hinged on a cancer diagnosis alone. We do not find the comparison to disability insurance compelling; thus, any jurisprudence on disability policies is distinguishable from and irrelevant to the case at hand.

Based on the record before this court, we can find no manifest error in the decision of the trial court that an insurance policy purchased thirteen years before the commencement of a community regime, and the benefits arising therefrom, were the separate property of its owner. Accordingly, we must affirm the decision of the trial court.

The decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Doris Arabie.

**AFFIRMED.**